**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **WALLACE WITTE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO:** |
| | ) |
| **WALKERHUGHES GROUP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Wallace Witte ("Witte"), by counsel, against Defendant, WalkerHughes Group, LLC, ("Defendant"), for its discriminatory actions towards him based on his disabilities in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et. seq.

### II. PARTIES

2. Witte is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Hamilton County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a Domestic Limited Liability Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Witte was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Witte is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Witte's disability and/or Defendant regarded Witte as being disabled.

8. Witte exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability. Witte has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Witte was hired by the Defendant on or about September 1, 2021, as an Employee Benefits Consultant. Witte was paid an annual salary of $60,000 plus 40% commission on sales.

11. At all times relevant, Witte met or exceeded Defendant's legitimate performance expectations.

12. Witte is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Witte's disability and/or regarded Witte as being disabled and/or Witte has a record of being disabled.

13. Specifically, Witte has Stage 3 Melanoma Cancer.

14. The Defendant has a level-funded health insurance plan for its employees. Per the Plan, the Defendant pays approximately $75,000 of initial medical costs for its employees. Witte's health insurance with the Defendant started upon his hire.

15. About fifteen (15) days after Witte started his employment with the Defendant, he had a medical appointment for his annual check-up. One week after his appointment Witte was diagnosed with stage 3 cancer that required multiple surgeries and extremely expensive on-going medical treatment.

16. For example, Witte's initial surgeries, scans, and medical testing cost upwards of $60,000. Next, Witte had to engage in 10 out-patient immune-therapy treatments that cost approximately $99,000 every six weeks over a 1-year period.

17. Shortly after surgery for his disabilities and his concomitant medical bills coming to the Defendant for payment, Witte's work environment completely shifted. He was shut out and treated coldly by upper management and others as the Defendant was aware of his disabilities and medical treatment thereof.

18. Then, out of nowhere, on March 23, 2022, Witte was terminated from his employment – without reason. Witte had never been written up, disciplined, or placed on any form of performance improvement plan prior to his termination.

19. With regard to sales performance, industry standard is a salesperson is given 1 year to meet all sales goals. Witte was terminated 6 months into his employment. Moreover, his sales activity reports demonstrate his work towards sales goals, and he had 3 prospective companies interested in making buys from the Defendant.

20. Witte was required to pay $497.32 per month for his COBRA insurance in 2022 and is paying $715.93 for his COBRA insurance in 2023.

## V. LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

21. Witte hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. Defendant violated Witte's rights by discriminating against him, failing to engage in the interactive process, failing to accommodate him, and terminating him due to his disabilities and/or the associated costs to Defendant's health insurance plan.

23. Defendant's actions were intentional, willful and in reckless disregard of Witte's rights as protected by the ADAAA.

24. Witte has suffered and continues to suffer harm because of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Wallace Witte, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to his full-time position, with the pay and benefits he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay to Plaintiff all of his lost wages, backpay, and benefits;

3. Enjoin Defendant from further discriminatory actions against any employee based on their disability;

4. Award Plaintiff any pay raises or promotions he should have received absent Defendant's discriminatory actions;

5. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

6. Pay to Plaintiff punitive damages;

7. Pay to Plaintiff pre- and post-judgment interest;

8. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

9. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Wallace Witte*

**DEMAND FOR JURY TRIAL**

Plaintiff, Wallace Witte, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Wallace Witte*